IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL L. JONES,

    Plaintiff,

v.                                                         CIV  02-1352 KBM/LCS

GENERAL MOTORS CORPORATION,
and JIM SPENCE OLDSMOBILE,
CADILLAC, GMC, NISSAN, INC.,

    Defendants.

# MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' Motion to Dismiss *(Doc. 17)* and Plaintiff's Motion for Order to Vacate Final Judgment, Judgment, Orders, and Court's Findings of Fact and Conclusions of Law of Trial Court Judge Patrick J. Francoeur (Retired) of Case No. CIV-94-168-FR, of the Fifth Judicial District Court, County of Lea, State of New Mexico Pursuant to 28 U.S.C. § 455(a) *(Doc. 15)*.  Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment.  Having carefully reviewed the parties submissions and relevant authorities, I find that this action should be dismissed.

### I. Factual And Procedural Background In State Court

### A. Proceedings Before Judge Francoeur

Plaintiff Earl Jones is a resident of Tatum, New Mexico.  Defendant General Motors Corporation ("GM") is a Delaware corporation that does business in New Mexico.  Defendant Jim Spence Oldsmobile, Cadillac, GMC, Nissan, Inc. ("Spence") is a New Mexico corporation

with its principal place of business in Hobbs, New Mexico. *See Doc. 1* at ¶¶ 1-3; *Doc. 7* at ¶3 (hereinafter "*Spence Answer*"); *Doc. 8* at ¶ 2 (hereinafter "*GM Answer*").

The continuing controversy that gives rise to this most recent action began when Plaintiff bought a Cadillac in June 1993. *See e.g,. GM Answer,* Exhs. G.3 - G.6.[1] Plaintiff was dissatisfied with the quality of the automobile. By October 1993, he deemed the car a "lemon" and demanded a full refund. *Id.,* Exhs. G.8, G.19. After submitting to arbitration and represented by attorney Lewis C. Cox, III, Plaintiff filed suit against GM and Spence in New Mexico state court on April 24, 1994. He pursued two claims, alleging that Defendants violated New Mexico's Motor Vehicle Quality Assurance Act or "lemon law," N.M. STAT. ANN. §§ 57-16A-1, *et seq.,* and New Mexico's Unfair Trade Practices Act, N.M. STAT. ANN. §§ 57-12-1, *et seq.* He sought a refund of the purchase price or a replacement vehicle, plus treble and punitive damages and attorney fees. *See GM Answer,* Exh. J, at 1.

After a bench trial in September 1995, state District Judge Patrick J. Francoeur dismissed the claims against Spence. He found that Plaintiff is not a "consumer" under New Mexico's lemon law and further failed to prove any monetary damages under New Mexico's Unfair Trade Practices Act. Nevertheless, Judge Francoeur had allowed Plaintiff to amend to raise breach of express warranty, and found in Plaintiff's favor on that claim. Accordingly, the judge required that GM remedy specific defects. *See GM Answer,* Exh. G.10; *see also Doc. 16,* Exh. 5.

After trial, Judge Francoeur filed findings of fact. The second finding provided that

---

[1] GM's Answer contains lengthy exhibits that consist of one document with many attachments. For consistency and ease of reference, I refer to the letter of GM's exhibit followed by the attached exhibit. For example, "GM Answer, Exh. G.3" means the third exhibit to exhibit G of GM's Answer. Also, a number of the exhibits are duplicated throughout the pleadings. As my default source, I will use one of the places in GM's Answer where the document appears.

2

Plaintiff used the vehicle "ninety-five percent (95%) of the time for non-business purposes." *See GM Answer,* Exh. G.10. On reconsideration, he amended the finding to state that Plaintiff used the car for "both business and personal use." *Doc. 16,* Exh. 8; *see also GM Answer,* Exh. A. He also denied Plaintiff's motion to reconsider the lemon law ruling. Thereafter, he entered judgment requiring GM to make the specified repairs at its own expense and at a dealer of Plaintiff's choosing and awarded Plaintiff his costs. *GM Answer,* Exh. A.

Plaintiff was not permitted to untimely appeal the dismissal of his claim against Spence. *See Jones v. Jim Spence Oldsmobile, Cadillac, GMC, Nissan, Inc.,* 947 P.2d 122, 127, 124 N.M. 165, 170 (1997). As for his statutory claims against GM, the New Mexico Court of Appeals affirmed in part and reversed in part. In an opinion dated January 8, 1998, it affirmed dismissal of the lemon law claim, holding that Judge Francoeur did not err in amending his second finding of fact or in concluding Plaintiff did not qualify as a "consumer." *Jones v. General Motors Corp.,* 124 N.M. 606, 609-10, 953 P.2d 1104, 1107-08 (Ct. App. 1998). It reversed, however, on the Unfair Trade Practices Act claim, holding that Plaintiff was entitled to recover nominal damages and his attorney fees. *Id.* at 611-12, 953 P.2d at 1109-10.

### B. Judge Francoeur's Recusal

In the Spring 1998, Plaintiff's son Jonathan was due to appear before Judge Francoeur for sentencing on a probation violation. Jonathan moved to recuse the judge, in part based on the Court of Appeals ruling in his father's civil case. Judge Francoeur declined to recuse from the criminal matter. *GM Answer,* Exhs. K.2 - K.4. Around that same time, however, he did recuse in Plaintiff's civil matter. Therefore, ruling on the remanded costs and fees issue was delayed while another judge was assigned. March 1999 correspondence between Plaintiff and his attorney

shows that there was some confusion about what was happening with the remand and reassignment issues. *See id.,* Exhs. K.16, K.17.

Plaintiff filed a petition for a writ of mandamus in federal court in May 1999, challenging Judge Francoeur's failure to rule on the remand issues, and raising claims of denial of equal protection and due process. *Jones v. Francoeur, et al.,* CIV 99-512 BB/RLP (*Doc. 1,* filed May 5, 1999; Transcript of Proceedings held July 19, 1999, filed August 4, 1999).[2] Mr. Jones further contacted GM's Cadillac Motor Division on July 6, 1999, demanding the repairs Judge Francoeur ordered be made. *GM Answer,* Exh. K.5. This same month, Plaintiff evidently also fired his attorney. *Id.,* Exh. E at 3.

By mid-July District Judge Bruce B. Black held a hearing on a motion to dismiss Plaintiff's federal mandamus action. Judge Black ruled from the bench and dismissed the suit for lack of jurisdiction under the *Rooker-Feldman* doctrine, explaining that this court has no jurisdiction to review the sort of state proceedings Plaintiff was challenging. A later order memorializing his rulings also noted that, having recused from the civil proceedings, "the dispute between Mr. Jones and Judge Francoeur [is] moot." *Jones v. Francoeur, et al.,* CIV 99-512 BB/RLP (Docs. 16, 18; Transcript of Proceedings held July 19, 1999, filed August 4, 1999).

The clerk's minutes from Judge Black's hearing show that he recessed at 9:15 a.m. on July 19, 1999. Less than fifteen minutes later, Plaintiff filed a "Notice of Removal" asking that this

---

[2] In April 1999, Plaintiff and his son filed for a writ of habeas corpus with this court, claiming that Judge Francoeur is racially biased and should have recused from the Jonathan's criminal matter. *Jones v. Rice, et al.,* CIV 99-3403 JC/LCS (*Doc. 1,* filed April 8, 1999). Ultimately, this court did not allow Plaintiff to bring a habeas petition on behalf of his son, allowed Jonathan to amend his petition, substituted the custodian of Jonathan for Judge Francoeur and other individual defendants and dismissed the action for failure to exhaust state remedies. *Id.* (*Docs. 3, 5, 12, 13*). Our records do not show that Jonathan pursued the matter further in this court.

4

federal district court assume jurisdiction over the same state action and grant Plaintiff a new trial. *Jones v. General Motors, et al.,* CIV 99-797 JP/LFG (*Doc. 1,* filed July 19, 1999). Chief Judge James A. Parker *sua sponte* remanded this second case to state court. *Id.* (Docs. 3,4).

### C. Proceedings Before Judge Forbes

Fall 1999 consisted of letters from Plaintiff to an automobile dealership in Roswell demanding repairs at GM's expense. There ensued a debate over the extent of repairs and who would pay for them. The debate degenerated into a refusal by the dealership to make any repairs absent authorization by GM or a court order directed to the dealership. *GM Answer,* Exhs. G.18, G.20, K.9. Moreover, Cox's law firm had billed Plaintiff for $28,241.62 in attorney fees. *Id.,* Exh. K.18.

Plaintiff filed a motion for a "new trial" with the state court in January 2000, presumably *pro se. See id.,* Exh. J at 3; *see also Doc. 16,* Exh. 1 (¶¶ 15-20). Later that year, with the assistance of a different law firm, Plaintiff arranged for GM to transport his car to Texas to make repairs. He wanted additional repairs beyond those outlined in the state court's judgment. *See id.,* Exhs. G.1; G.15 - G.17; G.22 - G.25. In August 2000, state District Judge Jay W. Forbes held a hearing on Plaintiff's motion for a new trial, which he denied. *Id.,* Exh. J at 3. According to Plaintiff, during this hearing, Judge Forbes expressed his view that he had been pleased with the Cadillacs he had purchased from Spence. *See Doc. 16,* Exh. 1 (¶¶ 15-20).

In the Fall of 2000, the Cox's law firm requested permission to intervene in Plaintiff's suit to make a claim for the fees Plaintiff owed the firm. A year later, GM also requested the court to grant it sanctions and attorney fees. Plaintiff opposed both requests. *See GM Answer,* Exhs. C, D, F, I.8, J.

On December 6, 2000, Judge Forbes held another hearing where he encouraged Plaintiff to secure the services of an attorney and advised Plaintiff that he need to respond to any complaint-in-intervention. *See id.,* Exh. E at 5-7; *see also id.,* Exhs. I.7, J. On December 11, 2000 Judge Forbes granted Cox's law firm permission to intervene, and within a few days it filed and served a complaint-in-intervention demanding its fees. Plaintiff failed to respond to the complaint-in-intervention but did oppose the firm's motion for default judgment. *Id.,* Exh. I.7.

In fact, Plaintiff was so upset with the entire process that on January 22, 2001, he wrote a "criminal complaint" to the United States Attorney for the District of New Mexico, asking it to investigate his allegations of obstruction of justice, evidence tampering, judicial misconduct, conspiracy, partiality, and deprivation of due process, equal protection, and property specifically in violation of 42 U.S.C. §§ 1981, 1983, 1985, and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. *Id.,* Exh. E. Additionally, in July 2001 Plaintiff filed a petition for a writ of error with the New Mexico Supreme Court making the same allegations. *Id.,* Exh. G. He requested that the state court order a new trial, order GM to make "all necessary repairs to the subject Cadillac immediately," convene a grand jury investigation, and award him compensatory and punitive damages and attorney fees. *Id.* at 14. The New Mexico Supreme Court summarily denied the petition. *Id.,* Exh. H.

After conducting a hearing in December 2001 at which Plaintiff failed to appear, Judge Forbes entered judgment against Plaintiff for the attorney fees requested by GM and by Cox's law firm. *See id.,* Exhs. I.7, I.8; J. Plaintiff appealed, claiming he did not know about the hearing. *Id.,* Exh. I; *see also id.,* Exhs. I.3, I.4, J, K. Again, he prevailed in part.

By a decision dated August 6, 2002, the New Mexico Court of Appeals rejected his

argument that the judgments entered by Judge Francoeur were incorrectly decided or were "null and void" because he did not recuse himself prior to the initial trial in 1995. *See id.,* Exh. C at 2-4. It did, however, reverse Judge Forbes's attorney fees awards, and remanded for a new hearing before another judge. The court did so because it found Judge Forbes's remarks at the August hearing about his satisfaction with Cadillacs from Spence created an appearance of impropriety and because Plaintiff did not receive notice of the December hearing. *Id.* at 4-7.

## II.  Procedural Background In The Instant Suit

Within months of the New Mexico Court of Appeals' most recent remand, Plaintiff filed this action. He alleges that this court has diversity jurisdiction as well as jurisdiction under various federal statutes, principally civil rights statutes. He asks this court to vacate Judge Francoeur's judgments, declare the state civil case a mistrial, order a new trial on the merits of the decade-old dispute in this forum, grant him a full refund for the Cadillac, and award him compensatory and punitive damages and attorney fees. As the basis for his claims, Plaintiff asserts that Judge Francoeur was biased, should have recused, and committed errors during the 1995 trial as well as allegations that Judge Forbes erred and violated his due process rights. *See Doc. 1.* By way of separate motion, Plaintiff yet again asks that this federal court "vacate" the state court proceedings. *See Doc. 15.*

Defendants move to dismiss Plaintiff's complaint as barred by the *Rooker-Feldman* doctrine and *res judicata* and, alternatively, for failure to state a claim for civil rights violations. Defendants further ask the court to impose sanctions in the form of attorney fees and expenses on the ground that this complaint is brought for the purpose of harassment. *See Doc. 17.*

### III.  Analysis

I resolve this matter under FED. R. CIV. P. 12(b)(1) because, even though I have considered the materials submitted with Defendants' response and Plaintiff's pleadings, I do not reach the merits of Plaintiff's claims before this court. *E.g., Wheeler v. Hurdman,* 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied,* 484 U.S. 986 (1987); *see also Michealson v. Enrich Int'l,* 6 Fed. Appx. 712, 716 (10th Cir. 2001) (citing *Wheeler*).  For the reasons and authorities cited by Judge Black and by Defendants, this case is plainly barred by the *Rooker-Feldman* doctrine despite Plaintiff's assertion of a denial of due process and conspiracy.  The constitutional claims in the instant action are inextricably intertwined with the state court judgment as evidenced by the relief he seeks. *See Kenmen Engineering v. City of Union,* 314 F.3d 468, 476-78 (10th Cir. 2002).  As such, this court has no federal subject matter jurisdiction.

Plaintiff's diversity jurisdiction arguments are likewise unavailing.  There can be no complete diversity because defendant Spence is a New Mexico corporation and is thereby a citizen of the same state as Plaintiff.  Even if there were complete diversity, the *Rooker-Feldman* doctrine again would bar consideration of the suit.

This Court has the authority to impose sanctions for repetitive, vexatious, and frivolous filings. *E.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765 (1980) ("In *Link v. Wabash R. Co.,* 370 U.S. 626, 632 (1962), this Court recognized the 'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices."); *Braley v. Campbell,* 832 F.2d 1504, 1510 (10th Cir. 1987) ("federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings"); *Williams v. Madden,* 9 Fed. Appx. 996, 997 & n1 (10th Cir. 2001) (three

federal § 1983 filings concerning events in 1979 that led to criminal conviction; third action dismissed as frivolous despite *pro se* plaintiff having paid filing fee).

For a third time Plaintiff has filed in this federal court seeking review of the state court proceedings in his dispute over the Cadillac. For a second time, his suit will be dismissed under the *Rooker-Feldman* doctrine. Yet sanctions should not be imposed unless the litigant is given fair notice that a continuation of frivolous conduct may result in the imposition of sanctions. Therefore, I will not impose sanctions at this juncture.

**Plaintiff is expressly cautioned that if he persists in filing suits with this federal district court concerning the state court proceedings above, he will be required to show cause why appropriate sanctions including attorney fees should not be imposed, and faces the real possibility that such sanctions will in fact be imposed.** *E.g., Roadway,* 447 U.S. at 767; *Van Sickle v. Holloway,* 791 F.2d 1431, 1437 (court imposed as sanctions on *pro se* litigant $1,500 to the United States, and double costs, and prohibited litigant from "filing any further complaints . . . that contain the same or similar allegations as those set forth in his complaint in the case at bar").

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to vacate *(Doc. 15)* is DENIED and Defendants' motion to dismiss *(Doc. 17)* is GRANTED. This action will be dismissed with prejudice pursuant to a final order entered concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.